THE BURLINGTON & MISSOURI RIVER R. R. CO.,
PLAINTIFF IN ERROR, V. WILLIAM T. SPERE, DE-
FENDANT IN ERROR.

Railroads: RIGHT OF WAY: DAMAGES: APPEAL: COSTS. Un-
der section 97, chapter 16 of the Compiled Statutes, as amended
in 1883, where on appeal from an award of damages for prop-
erty taken for right of way of a railway, and the verdict is less
than the amount of the award, neither the railway company
nor the land owner will be liable for all the costs of the appeal;
but ordinarily such costs should be divided between the
parties.

ERROR to the district court for Saunders county. Tried
below before MARSHALL, J.

*Marquett & Deweese* and *T. B. Wilson,* for plaintiff in
error.

*Beeson & Sullivan,* for defendant in error.

MAXWELL, J.

The plaintiff condemned right of way across certain
real estate belonging to one Emily T. White, which land
was leased to the defendant. The commissioners appointed
by the county judge made an award to the defendant of
the sum of $375, from which the plaintiff appealed to the
district court. On the trial of the cause the jury returned
a verdict with interest, in the sum of $300. The court,
however, taxed all the costs to the plaintiff. A motion
for a new trial was thereupon filed and overruled, to
which the plaintiff excepted.

Section 97 of chapter 16 of the Compiled Statutes, pro-
vides that, "Such railroad company shall in all cases pay
the costs of the first assessment; *Provided,* That if on
appeal the appellant shall not obtain a more favorable

judgment and award than was given by said freeholders, then such appellant shall be adjudged to pay all the costs made on such appeal; *Provided further,* That either party may appeal from the decision of the district court to the supreme court of the state, and the money so deposited shall remain in the hands of the county judge until a final decision be had, subject to the order of the supreme court."

Section 97 of chapter 25 of the Revised Statutes of 1866, provided, "That in no case shall said corporation be liable for the costs on such appeal, unless the owner of such real estate shall be adjudged entitled, upon the appeal, to a greater amount of damages than was awarded by said freeholders."

It was found that the practical application of this statute was liable to work great injustice to the land owner in the taxation of costs, because, while he might be willing and anxious to receive the award made by the commissioners, yet, if the railroad company appealed and the verdict was less than the amount of the award, the land owner would not only lose the interest on the money, but must pay the costs of the appeal. This in many cases was a great hardship. The new statute was passed in 1883, and took effect June 1st of that year. The provision is remedial in its nature, and was designed to relieve the hardships occasioned by the former statute, so far at least as not to make the land owner liable for all costs.

A somewhat similar question was before the supreme court of Iowa in *Noble v. Des Moines and St. L. R. Company,* 14 Am. & Eng. Railroad Cases, 208. In that case the amount assessed by the sheriff's jury was $1,500. From this assessment the defendant appealed. On the trial the jury returned a verdict in favor of the plaintiff for $1,300, with interest at 6 per cent from the date of the condemnation. Section 1259 of the code of Iowa provides that, "If the amount of damages awarded by the commis-

sioners is decreased on the trial of the appeal, the amount assessed on the trial of such appeal only shall be paid to the land owners." Sec. 1252 also provides that the company shall pay the costs of the appeal unless the damages allowed on the appeal are less than the damages first allowed.

It was held that the costs should have been apportioned between the parties. This we think is the correct construction of the statutes, and we approve and adopt the same. The cause is remanded to the district court with directions to divide the costs of appeal between the plaintiff and the defendant.

JUDGMENT ACCORDINGLY.

THE other judges concur.